MAYER v. JONES et al.

(Supreme Court, Appellate Division, Second Department. April 23, 1909.)

1. MORTGAGES (§ 582*) — FORECLOSURE — COSTS — EXPENSE OF SURVEY AND SEARCHES FOR TAXES.

In foreclosure, the expenses of a survey of the premises and of a search for unpaid taxes formed no part of the costs for which judgment might be entered, though a reasonable amount for searches for taxes might have been included by the referee in his expenses of sale.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 1662; Dec. Dig. § 582.*]

2. MORTGAGES (§ 511*)—FORECLOSURE—SALE—STAY BY STIPULATION.

Where, to facilitate the entry of judgment without a trial in foreclosure, the parties stipulated that plaintiff might include in the amount to be found due certain sums for insurance, for a survey of the premises, and for searches for taxes, on an agreement to suspend the sale for a limited time or until the commissioners of appraisal, appointed to determine the value of a portion of the property which was being taken by the city, had made award and the same was confirmed, the stipulation was a contract between the parties, and the commissioners having thereafter made

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

an award as to the greater part of the property, that the balance was of little value was not sufficient to justify the court in permitting plaintiff to disregard the agreement.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 1514; Dec. Dig. § 511.*]

Appeal from Special Term, Westchester County.

Action by Rosalynde De Lima Mayer against Cyrus P. Jones, William R. Smith, and others. From an order directing the immediate sale of land under a foreclosure judgment, defendant Smith appeals. Reversed.

Argued before WOODWARD, JENKS, GAYNOR, BURR, and RICH, JJ.

William R. Smith, in pro. per.

Woodson R. Oglesby, for respondent.

BURR, J. This action was brought in July, 1907, to foreclose a mortgage on lands in North Castle, Westchester county. The answer of the defendant Smith raised an issue with reference to the right of the plaintiff to effect insurance against loss by fire upon a building upon the property and as to the amount paid for the same. In other respects the answer was frivolous. In order to facilitate the entry of judgment without a trial, on the 8th of January, 1908, a stipulation was entered into by which the plaintiff was permitted to include in the amount to be found due under the mortgage the sum of $167.45, claimed to have been paid for insurance, and to include in the costs certain sums claimed to have been paid for a survey of the premises and for various searches made with regard to unpaid taxes on the premises, which amounted in the aggregate to $350, as appears from the bill of costs as taxed and made a part of the record.

As to the survey, it was not a necessary part of the costs of the foreclosure. A reasonable amount expended for searches for taxes might have been included by the referee in his expenses of sale, provided a sale was had; but it formed no part of the costs of the foreclosure for which judgment might be entered. In consideration of this stipulation on the part of the answering defendant the plaintiff agreed in effect to suspend the sale of the premises until the commissioners of appraisal, who had been appointed to determine the value of a portion of the property which was being taken by the city of New York in connection with its water supply, had made their award and the same had been confirmed, not exceeding however, 18 months. Thereafter, and on January 20, 1908, the plaintiff entered judgment in accordance with the stipulation. This stipulation, which has been fully executed on the part of the defendant Smith, amounted to a contract between the parties. The 18 months have not yet expired. The plaintiff now seeks to set aside this contract.

There is no claim that it was improvidently made, or that any fraud or mistake occurred in connection therewith; but the plaintiff asks the court to permit her to disregard this contract and to order an immediate sale of the premises, because, as she claims, the commis-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

sioners have made an award as to the greater part of the property, and that portion thereof as to which the commissioners have as yet made no award is of comparatively little value. If this were so, it would be an insufficient reason to justify the court in permitting plaintiff to disregard her agreement. But the answering affidavit used upon this motion states that the land for which the commissioners have as yet made no award consists partly of a piece of swamp land and partly of land lying in the streets or roads which have been laid down upon a map of the property covered by the said mortgage. Ap-· parently these are only mapped streets, and the fee of the said land is in the defendant Smith. According to the statement in his affidavit, which is not contradicted, the land in the streets is equal in amount to nearly 100 city lots. The defendant Smith states that in his opinion such land is worth several thousand dollars, and, if it is of equal value with that which seems to have been placed upon the abutting lots, such land is worth between $4,000 and $5,000.

Inasmuch as the right to a stay is a right substantial in character, the parties should be held to the terms of their agreement, and a sale should not be permitted until the expiration of 18 months from January 8, 1908, or until the commissioners' award as to the residue of the land to be taken, if made within that time, is confirmed.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.